UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE EX PARTE APPLICATION OF KARIN INGRID REZA FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Misc. Case No. 1:24-MC-442 |

**MEMORANDUM OF LAW IN SUPPORT OF
EX PARTE APPLICATION OF KARIN INGRID REZA
FOR AN ORDER TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

PHILLIPS NIZER LLP
Judith Swartz, Esq.
485 Lexington Avenue
New York, New York 10017–2643
Phone: (212) 977-9700
Facsimile: (212) 262-5152
Email: jswartz@phillipsnizer.com

*Attorneys for Applicant, Karin Ingrid Reza*

*Pro hac vice* forthcoming:

JONATHAN LEE BORSUK PC
Jonathan Lee Borsuk, Esq.
2121 Avenue of the Stars
Eighth Floor
Los Angeles, California 90067
Phone: (917) 362-7561
Facsimile: (917) 725-9676
Email: jonathan@jlborsuk.com

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 5

II.  STATEMENT OF FACTS ..................................................................................... 6

III. STATEMENT OF LAW ........................................................................................ 8

IV. ARGUMENT .......................................................................................................... 9

    A.  Each of the Witnesses Resides or Is Found in This District .................................. 10

    B.  The Requested Discovery Is for Use in a Proceeding in the Cayman Islands ..... 11

    C.  The Applicant is an Interested Party under 28 U.S.C. § 1782 ............................... 11

    D.  The Application Further Satisfies All Discretionary Factors Under *Intel* .......... 12

        1.  None of the Witnesses Is a Participant in the Foreign Proceeding ....................... 12

        2.  Cayman Islands Courts Would Be Receptive to This Court's Assistance ............ 12

        3.  The Application Does Not Seek to Circumvent Foreign Proof–Gathering Restrictions or Policies ......................................................................................... 13

        4.  Applicant's Request Is Narrowly Tailored to Highly Relevant Information and Is Not Unduly Intrusive or Burdensome .................................................................. 13

V.  CONCLUSION ..................................................................................................... 14

# **TABLE OF AUTHORITIES**

**CASES**

***Civelli v. J.P. Morgan Sec., L.L.C.,***
  57 F.4th 484 (5th Cir. 2023) .................................................................................................. 10

***Civelli v. JPMorgan Chase Sec., L.L.C.,***
  143 S. Ct. 2585 (2023) ........................................................................................................... 10

***Gushlak v. Gushlak,***
  486 F. App'x 215 (2d Cir. 2012) ............................................................................................. 8

***In re Abraaj Inv. Mgmt. Ltd.,***
  No. 20-MC-229 (VSB), 2023 WL 2674752 (S.D.N.Y. Mar. 29, 2023) ............. 10, 12, 13, 14

***In re Alpine Partners, (BVI) L.P.,***
  635 F. Supp. 3d 900 (N.D. Cal. 2022) .................................................................................. 12

***In re Application of Hill,***
  No. M19-117 (RJH), 2005 WL 1330769 (S.D.N.Y. June 3, 2005) ...................................... 11

***In re Application of Hornbeam Corp.,***
  No. 14 MISC. 424, 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014) ....................................... 10

***In re Byrne,***
  No. 23 Misc. 048, 2023 WL 3203811 (S.D.N.Y. May 2, 2023) ........................................... 13

***In re Catalyst Managerial Servs., DMCC,***
  680 F. App'x 37 (2d Cir. 2017) ............................................................................................... 9

***In re China Constr. Bank (Asia) Corp.,***
  No. 23 Misc. 17, 2023 WL 3791711, (S.D.N.Y. June 2, 2023) ........................................... 13

***In re del Valle Ruiz,***
  939 F.3d 520 (2d Cir. 2019) .................................................................................................. 10

***In re Ernesto Andrade Grp.,***
  No. 23MISC424VSBGWG, 2024 WL 195568 (S.D.N.Y. Jan. 18, 2024) ............................. 9

***In re Hellard,***
  No. 121MC00864GHWKHP, 2022 WL 656792 (S.D.N.Y. Mar. 4, 2022) ............... 9, 10, 11

***In re Letter of Request from Supreme Court of Hong Kong,***
  138 F.R.D. 27 (S.D.N.Y. 1991) ............................................................................................... 8

*In re Letter Request From Crown Prosecution Service of United Kingdom*,
 870 F.2d 686 (D.C. Cir. 1989) ............................................................................................... 11

*In re Platinum Partners Value Arbitrage Fund L.P.*,
 583 B.R. 803 (Bankr. S.D.N.Y. 2018) .................................................................................... 12

*In re UPHEALTH HOLDINGS, INC.*,
 No. 24 MISC. 377 (LGS), 2024 WL 4203228 (S.D.N.Y. Sept. 16, 2024) ............................ 13

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ......................................................................................................... passim

*Mangouras v. Squire Patton Boggs*,
 980 F.3d 88 (2d Cir. 2020) ....................................................................................................... 9

*Mees v. Buiter*,
 793 F.3d 291 (2d Cir. 2015) ..................................................................................................... 8

**STATUTES**

28 U.S.C. § 1782 ............................................................................................................... passim

I.  **INTRODUCTION**

Applicant Karin Ingrid Reza ("Applicant") entrusted an investment of millions of dollars to Investcorp Prosiris Opportunities Fund Limited, a Cayman Islands exempted company (the "Fund") which reportedly, in turn, was transferred to Prosiris Global Master Fund Limited, a Cayman Islands exempted company (the "Master Fund").

After concerns relating to the Fund's performance, Applicant demanded redemption of her investment in accordance with the terms of the Fund and Master Fund. The Fund and Master Fund acknowledged receipt of Applicant's demands and promised to honor them by times certain which have since lapsed.

Applicant's investment remains nowhere to be found and Applicant has encountered protracted delays, distractions, and obfuscations from the Fund and Master Fund in the face of Applicant's extensive, multifaceted, extrajudicial efforts to determine the whereabouts and status of her investment and to secure its redemption.

With little choice, Applicant is proceeding to litigation in the Cayman Islands against the Fund and Master Fund. She now respectfully applies to the above–entitled Court (the "Application"), pursuant, *inter alia*, to 28 U.S.C. § 1782, to take discovery here for use in that foreign proceeding. The discovery sought here is limited but necessary from six (6) nonparty witnesses (collectively, the "Witnesses"), each found or residing in New York, New York, in the district of the above–entitled Court: (i) JP Morgan Chase & Co. ("JPMorgan"); (ii) J.P. Morgan Chase N.A. ("JPMorgan Bank"); (iii) J.P. Morgan Securities LLC, successor by merger to J.P. Morgan Clearing Corp. ("JPMorgan Securities"); (iv) Prosiris GP LLC ("Prosiris GP"); (v) Prosiris Capital Management LP ("Prosiris LP"); and (vi) Reza Ali ("Ali").

JPMorgan, through its subsidiaries, JPMorgan Bank and JPMorgan Securities, was the banking organization which held the account into which funds of the Applicant, for the benefit of the Fund, were transferred, and which acted as the Fund and Master Fund's administrator, and the Master Fund's prime broker and custodian. Prosiris GP is the general partner of Prosiris LP which, in turn, is the Fund and Master Fund's investment manager. Ali is chief executive officer and principal representative of Prosiris GP, Prosiris LP, the Fund, and Master Fund.

Applicant qualifies for the relief she seeks here because (1) each of the persons from whom discovery is sought pursuant to the Application resides or is found in the district of the district court to which the Application is made; (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal; and (3) the Application is made by an interested person. Further, the persons from whom discovery is sought are not participants in the foreign proceeding; the Cayman Islands are receptive to U.S. federal–court judicial assistance; the Application does not conceal an attempt to circumvent foreign proof–gathering restrictions; and the discovery proposed is not unduly intrusive or burdensome.

## II.   STATEMENT OF FACTS

On or about September 1, 2011, Applicant remitted more than US$1,000,000 for an investment (the "Investment") in the Fund. Applicant's Investment was wire transferred from a bank account of the Applicant outside of the United States of America to a bank account in the name of the Fund at JPMorgan Bank, a subsidiary of JPMorgan, in New York, New York. Wilson Decl. ¶ 3. Applicant's Investment eventually increased to more than US$2,500,000. Wilson Decl. ¶ 4.

At all relevant times, a natural person holding himself out as Reza Ali, a citizen and resident of New York, New York, and the chief executive officer of the Fund, acted on behalf of the Fund

6

in its dealings with Applicant and with Applicant's attorney, David Wallace Wilson. Wilson Decl. ¶ 5.

Ali represented to Applicant that the Fund was investing its assets in the Master Fund; that the Fund and Master Fund's investment manager was Prosiris LP, the general partner of which is Prosiris GP, controlled by Ali and based in New York, New York; that the Master Fund's directors were Ali, John Heaps, and Peter Ackerley; that the Master Fund's prime brokers and custodians included J.P. Morgan Clearing Corp., in New York, New York, a subsidiary of JPMorgan; and that the Fund's administrator was J.P. Morgan Hedge Fund Services, a division of JPMorgan Bank, a subsidiary of JPMorgan. Wilson Decl. ¶ 6.

J.P. Morgan Clearing Corp. has since merged into J.P. Morgan Securities LLC. Borsuk Decl. ¶ 9, Ex. H.

Concerned with news of the Fund's performance, and due to a lack of transparency in its results and operations, Applicant submitted five (5) demands for redemption of her Investment in accordance with the stated terms of the Fund and Master Fund. These demands were acknowledged and accepted by the Fund and Master Fund. One of the five redemptions was paid but four, totaling US$2,304,427.81, remain unpaid. After a succession of attempts to obtain payment extrajudicially, the Applicant contacted legal counsel in the Cayman Islands for the purpose of preparing, and Applicant is seriously contemplating and diligently taking steps to proceed with, a lawsuit against the Fund and Master Fund in the Cayman Islands. Wilson Decl. ¶¶ 7–25, Exs. K–R.

The discovery sought by the Applicant here comprises six (6) subpoenas, all standard and narrowly tailored, and three (3) of which, in an abundance of caution, are to related parties: (1) a narrowly tailored document subpoena for JPMorgan; (2) a narrowly tailored document subpoena for JPMorgan Bank, a subsidiary of JPMorgan; (3) a narrowly tailored document subpoena for

7

JPMorgan Securities, a subsidiary of JPMorgan; (4) a narrowly tailored document subpoena for Prosiris GP; (5) a narrowly tailored document subpoena for Prosiris LP; and (6) a standard deposition subpoena for Ali. Borsuk Decl. ¶¶ 2–7, Exs. A–F.

The discovery and information sought by way of the Application would be used in and for the lawsuit against the Fund and Master Fund in the Cayman Islands, including to demonstrate what has happened to Applicant's Investment, and the funds with which the required and agreed redemptions could, should, or must be paid. Wilson Decl. ¶ 26.

Each of the Witnesses is found or resides in New York, New York, in the district in which the above–entitled Court is situated, within the meaning of 28 U.S.C. § 1782. Wilson Decl. ¶¶ 19, 27–28, Ex. O; Borsuk Decl. ¶¶ 8–13, Exs. G–J.

### III. STATEMENT OF LAW

28 U.S.C. § 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding. 28 U.S.C. § 1782(a).

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quotation marks, alterations, and citation omitted).

Courts routinely grant such applications *ex parte*. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n. 6 (S.D.N.Y. 1991). ("[S]uch ex parte applications are typically justified by

the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); *In re Ernesto Andrade Grp.*, No. 23MISC424VSBGWG, 2024 WL 195568, at *2 (S.D.N.Y. Jan. 18, 2024) ("the Second Circuit has recognized the appropriateness of granting applications under section 1782 *ex parte*.").

In determining whether to grant an application made pursuant to 28 U.S.C. § 1782(a), courts may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign … court or agency abroad to U.S. federal–court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) ("*Intel*") (quotation marks omitted, alteration in original). When evaluating these factors, courts consider the goals of 28 U.S.C. § 1782: to provide efficient means of assistance to participants in international litigation and to encourage foreign countries by example to provide similar means of assistance to U.S. courts. *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020); *accord*, *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792, at *1 (S.D.N.Y. Mar. 4, 2022).

IV.     **ARGUMENT**

As explained herein, the Application meets the requirements of 28 U.S.C. § 1782. The proposed subpoena recipients reside or are "found" within this district, the narrow discovery Applicant requests is "for use" in contemplated proceedings before foreign tribunals, and

Applicant, as the plaintiff of the foreign proceedings, is an "interested person." The factors set forth by the United States Supreme Court in *Intel*, 542 U.S. 241 (2004), also weigh strongly in favor of Applicant's limited discovery requests: (1) none of the persons from whom discovery is sought are contemplated participants in the foreign proceedings; (2) Cayman Islands courts are receptive to discovery obtained pursuant to 28 U.S.C. § 1782; (3) obtaining discovery through 28 U.S.C. § 1782 would not circumvent any proof–gathering restrictions; and (4) the subpoenas are narrowly tailored to avoid unnecessary burdens.

### A.  Each of the Witnesses Resides or Is Found in This District

As explained in the Declarations of David Wallace Wilson and Jonathan Lee Borsuk and exhibits thereto, each of the Witnesses resides or is found in the district in which the above–entitled Court is situated. Wilson Decl. ¶¶ 5, 6, 19, 22, 27, Exs. O, R; Borsuk Decl. 8–13, Exs. G–J; *cf. In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) ("§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process."); *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792, at *1 (finding J.P. Morgan Chase N.A. resides in the Southern District of New York); *In re Application of Hornbeam Corp.*, No. 14 MISC. 424, 2014 WL 8775453, at *2–3 (S.D.N.Y. Dec. 24, 2014) (same); *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-MC-229 (VSB), 2023 WL 2674752, at *6 (S.D.N.Y. Mar. 29, 2023) (finding, and collecting cases finding, that J.P. Morgan Chase N.A. is found or resides in the Southern District of New York for purposes of a subpoena issued pursuant to 28 U.S.C. § 1782); *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 488 (5th Cir. 2023), *cert. denied sub nom. Civelli v. JPMorgan Chase Sec., L.L.C.*, 143 S. Ct. 2585 (2023) ("[J.P. Morgan Securities LLC] is a Delaware limited liability company with its principal office and place of business in New York.").

### B.  The Requested Discovery Is for Use in a Proceeding in the Cayman Islands

The discovery requested in this Application must be for use in a proceeding before a foreign tribunal. The foreign proceeding does not need to actually be under way before 28 U.S.C. § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel*, 542 U.S. at 258–59 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (D.C. Cir. 1989)). Such is the case here, as the discovery sought pursuant to the Application is for use in proceedings likely to occur or within reasonable contemplation in the Cayman Islands. Wilson Decl., *e.g.*, ¶¶ 24–26.

The discovery requested in this Application is for use in the foreign proceedings as the information sought from the Witnesses concerning the whereabouts of the Investment and promised redemptions of the Investment relate directly to the contemplated foreign proceedings to secure return of the Investment. *See* Borsuk Decl. ¶¶ 2–7, Exs. A–F; Wilson Decl., *e.g.*, ¶ 26; *In re Application of Hill*, No. M19-117 (RJH), 2005 WL 1330769, at *5 (S.D.N.Y. June 3, 2005) (to demonstrate that the discovery is for use in the foreign proceeding, the petitioner must show that the "requested information [is] sufficiently related to the pending" proceedings); *accord*, *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792, at *1.

### C.  The Applicant is an Interested Party under 28 U.S.C. § 1782

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As plaintiff in the anticipated litigation in the Cayman Islands, Applicant is clearly an interested person under 28 U.S.C. § 1782. *See* Wilson Decl. ¶ 25; *In re Hellard*, No. 121MC00864GHWKHP, 2022 WL 656792, at *1.

11

### D.  The Application Further Satisfies All Discretionary Factors Under *Intel*

#### 1.  None of the Witnesses Is a Participant in the Foreign Proceeding

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*. Here, the foreign proceeding involves only the Applicant, as plaintiff, and the Fund and Master Fund, as defendants. None are Witnesses here. *See* Wilson Decl. ¶¶ 24–26. Therefore, the first *Intel* factor weighs strongly in favor of the Application.

#### 2.  Cayman Islands Courts Would Be Receptive to This Court's Assistance

The nature of proceedings in the Cayman Islands courts at issue here is for recoupment of an investment or for investment–related fraud. *See* Wilson Decl. ¶¶ 24–26.

Cayman courts are most receptive to evidence obtained through discovery procedures in the United States of America, even if such evidence may not be discoverable under Cayman Islands law—especially where, as here, there are circumstances of misconduct relating to investments made in entities operated in the Cayman Islands. *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 816 (Bankr. S.D.N.Y. 2018); *accord*, *In re Alpine Partners, (BVI) L.P.*, 635 F. Supp. 3d 900, 911 (N.D. Cal. 2022); *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-MC-229 (VSB), 2023 WL 2674752, at *6. Therefore, the second *Intel* factor weighs strongly in favor of the Application.

3. The Application Does Not Seek to Circumvent Foreign Proof–Gathering Restrictions or Policies

Applicant is not aware of any restrictions imposed by or any policies under Cayman Islands law limiting the proof–gathering proceeding in the manner proposed and for the purposes stated herein. To the contrary, as this Court recently explained, "as the Cayman Island court's receptivity to discovery obtained in the United States" is established, this "demonstrates that Applicants are not seeking 'to circumvent' the rules and procedures of the Cayman Islands." *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-MC-229 (VSB), 2023 WL 2674752, at *6. Hence, the third *Intel* factor weighs strongly in favor of the Application.

4. Applicant's Request Is Narrowly Tailored to Highly Relevant Information and Is Not Unduly Intrusive or Burdensome

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, however, the subpoenas the Applicant proposes to serve on the Witnesses are limited to documents and information necessary to ascertain the whereabouts and status of Applicant's Investment and assets from which the Investment may be located and redeemed. *See* Borsuk Decl. Exs. A–F; *cf.*, *e.g.*, *In re UPHEALTH HOLDINGS, INC.*, No. 24 MISC. 377 (LGS), 2024 WL 4203228, at *2 (S.D.N.Y. Sept. 16, 2024); *In re China Constr. Bank (Asia) Corp.*, No. 23 Misc. 17, 2023 WL 3791711, at *1 (S.D.N.Y. June 2, 2023) (granting wire transfer subpoenas because the information sought included "information related to [intervenor's] assets and his potentially unlawful dissipation of those assets" in a foreign tribunal that may order intervenor "to be imprisoned if it concludes that he … failed to make complete disclosure"); *In re Byrne*, No. 23 Misc. 048, 2023 WL 3203811, at *6 (S.D.N.Y. May 2, 2023) (granting § 1782 application to subpoena "13 financial institutions regarding transactions between 17 entities and individuals"

13

over a seven–year period); *In re Abraaj Inv. Mgmt. Ltd.*, No. 20 Misc. 229, 2023 WL 2674752, at *6 (collecting cases and granting § 1782 application to subpoena 18 banks for "documents and information in relation to ... USD transactions and transfers made" during a nine–year period for fraudulent transfer claims). Particularly in this context, Applicant's request is narrowly tailored to highly relevant information and not unduly intrusive or burdensome, thereby strongly supporting the relief sought by the Application.

## V.   CONCLUSION

For the reasons stated herewith, Applicant respectfully requests that the Court grant the Application.

Dated: September 20, 2024
       New York, New York

Respectfully submitted,

**PHILLIPS NIZER LLP**
*Attorneys for Applicant, Karin Ingrid Reza*

By: _____
      Judith Swartz, Esq.

485 Lexington Avenue
New York, New York 10017–2643
Phone: (212) 977-9700
Facsimile: (212) 262-5152
Email: jswartz@phillipsnizer.com

*Pro hac vice* forthcoming:

**JONATHAN LEE BORSUK PC**
Jonathan Lee Borsuk, Esq.
2121 Avenue of the Stars
Eighth Floor
Los Angeles, California 90067
Phone: (917) 362-7561
Facsimile: (917) 725-9676
Email: jonathan@jlborsuk.com

14