

JONATHAN LEE BORSUK PC

Trial Counsel

2121 Avenue of the Stars
Eighth Floor
Los Angeles, California 90067
Tel.: (917) 362-7561
Fax: (917) 725-9676

Mr. Ali should be made available for a deposition by **May 2, 2025**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 25, 2025

Jonathan Lee Borsuk
Attorney at Law
Email: jonathan@jlborsuk.com

April 21, 2025

Honorable Judge Arun Subramanian
United States District Court Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    In the Matter of the Ex Parte Application of Karin Ingrid Reza for an Order
       to Take Discovery Pursuant to 28 U.S.C. § 1782; Case No. 24-mc-442
       <u>Letter–Motion for Informal Conference to Compel Reza Ali to Appear for Deposition</u>

Dear Honorable Judge Subramanian:

Pursuant to Federal Rules of Civil Procedure 30, 37(a), and 45, this Court's Order entered October 3, 2024 at ECF No. 9 (the "Order"), and this Court's Individual Practices in Civil Cases, including their § 5.D., Applicant Karin Ingrid Reza ("Applicant") respectfully requests a conference with the Court in that, further to the Court's Order issued at the Remote Conference held herein at or about 1:00 p.m. on March 13, 2025, the parties established and agreed that the remote deposition upon oral testimony of Mr. Reza Ali would commence April 24, 2025, at 10:00 a.m. New York time. However, the afternoon of April 18, 2025 Mr. Ali's counsel, Mr. Robert Scheef, contacted me by email to request that Mr. Ali's deposition be "push[ed] a few days" as Mr. Scheef's father had been "re-hospitalized [that] week and it's just thrown everything off for [Mr. Scheef]."

I explained to Mr. Scheef that I would like nothing more than to accommodate his request but that Applicant required me to obtain agreement of Mr. Scheef, on behalf of Reza Ali, Prosiris GP LLP, and Prosiris Capital Management LP (the "Respondents"), that, in consideration of such agreement to postpone Mr. Ali's deposition, none of the Respondents would do anything to further delay or impede the deposition. Mr. Scheef responded: "Prosiris will not do anything improper or in bad faith that would impede or delay the deposition. If that's not good enough, let me know so we can try to schedule a call with the court. [¶] I have to note that you're asking me to make a representation about a client's future conduct when I'm telling you I need to withdraw. As a practical matter, an inherently problematic request."

Mr. Scheef, in another email, represented to me, as to a proposed date for a rescheduled deposition: "I am thinking sometime between April 29 and May 2, but will get back to you later today because I think another lawyer will have to handle this for Prosiris.  Courtney and I have 2 MTD hearings the first week of May and a 3-week trial starting May 19.  My dad's condition is absorbing all of the time I have for anything else.  I'm not sure yet if Prosiris will want to use



April 21, 2025
Page 2

someone else at my firm, whom they do not know, or someone they do know at another firm. Either way, I don't think it will take a lot of time for someone else to get up to speed."

In another email, when I asked Mr. Scheef again to confirm that, in return for agreeing to postpone Mr. Ali's deposition, the Respondents would do nothing to impede or further delay the deposition, Mr. Scheef represented that "i think we are saying essentially the same thing. I'll try again. Prosiris will not take action *intended* to delay/impede the deposition. *That said, neither they nor I can promise that nothing will happen in the future that would require, under a good cause standard, an adjournment of the deposition.*" (Emphasis added.)

Counsel's assurances appear uncertain, especially since Mr. Ali is not clearly included within Mr. Scheef's use of the term "Prosiris," and because Mr. Scheef otherwise appears to be qualifying the agreement his clients are willing to make in manners rendering the import and effects of the agreement uncertain.

Lastly, Mr. Scheef informed me that, notwithstanding our inability to come to terms of an agreement to postpone Mr. Ali's deposition, Mr. Ali would not appear as scheduled for his deposition.

Therefore, Applicant respectfully requests a conference with the Court upon which the Court would set a date and time certain for Mr. Ali's deposition.

Respectfully submitted,
/s/ Jonathan Lee Borsuk
Jonathan Lee Borsuk
Attorney for Applicant Karin Ingrid Reza
Appearing *Pro Hac Vice*
Jonathan Lee Borsuk PC
2121 Avenue of the Stars, Eighth Floor
Los Angeles, CA 90067
jonathan@jlborsuk.com
(917) 362-7561

**<u>Affirmation of Service</u>**

       I, Jonathan Lee Borsuk, declare under penalty of perjury under the laws of the United States of America that, on April 21, 2025, I served a copy of the attached letter–motion upon all other parties in this case by electronic mail to the address of their authorized agents and attorneys, as follows:

       Robert Scheef
       Email: rscheef@mckoolsmith.com
       Courtney Statfeld
       Email: cstatfeld@mckoolsmith.com
       McKool Smith, P.C.
       1301 Avenue of the Americas, 32nd Floor
       New York, NY 10019
       *Attorneys for Reza Ali, Prosiris GP LLP, and Prosiris Capital Management LP*

       Judith Lynn Swartz
       Email: jswartz@phillipsnizer.com
       Phillips Nizer, LLP
       485 Lexington Avenue, 14th Floor
       New York, NY 10017
       *Attorneys for Applicant Karin Ingrid Reza*


/s/ Jonathan Lee Borsuk
Jonathan Lee Borsuk
Attorney for Applicant Karin Ingrid Reza
Appearing *Pro Hac Vice*
Jonathan Lee Borsuk PC
2121 Avenue of the Stars
Eighth Floor
Los Angeles, CA 90067
jonathan@jlborsuk.com
(917) 362-7561